George Hippard, Plaintiff in Error, v. J. Phillip Stiehl, Defendant in Error.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review as against the weight of the evidence where clearly and mainfestly so.

Assumpsit. Error to the County Court of St. Clair county; the Hon. JOHN B. HAY, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed August 5, 1910.

WINKELMANN & OGLE, for plaintiff in error.

R. W. ROPIEQUET and H. R. HEIMBERGER, for defendant in error.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Plaintiff in error Hippard brought his action to recover from defendant in error Stiehl the sum of $245.67 alleged to be due upon a store account for merchandise sold and delivered, and also the sum of $38.63 for coal sold and delivered.

Defendant in error claimed the account had been included in a settlement between the parties and was discharged.

We have examined the evidence and conclude it was sufficient to prove the sale and delivery of the goods and we agree with counsel for defendant in error Stiehl, that the vital question in the case was whether the account was included in a settlement as claimed. The jury in effect found it was, as they returned a verdict against Hippard upon which the court rendered a judgment, and the errors assigned are that the court denied Hippard's motion for a new trial and rendered the judgment on the verdict.

During the time the merchandise was being purchased from Hippard the parties had a farm in partnership about which there was an unadjusted account between them. On April 28, 1909, they met at the office of Winkelmann and Ogle to settle. Each had a claim against the other arising out of their common ownership of the farm. After they had gone over these claims, Stiehl testified Hippard said he had a store account against Stiehl for $245.67 and a coal bill for $38.63 and that Stiehl said if they made a settlement all should be included and Hippard said all right and they left the office; that the next day they met there again and that he, Stiehl, proposed that Hippard either take the farm land and pay off a mortgage on it or take some timber land they owned in common and pay off a mortgage on that and that it should be a full settlement between them and that thereupon Mr. Winkelmann drew a written agreement which was signed by the parties. The written agreement provided for quit claim deeds between them and the assumption of the mort-

gages as proposed the day before by Stiehl, but was silent as to the store account and store bill.

Hippard testified that on the first day when they were talking over the land settlement and had concluded the talk, he asked Stiehl what he was going to do about the store account and coal bill. Stiehl replied "he was not to be hanswaggled that way. Let the court settle it;" that they did not settle that day and on the next day met again and settled the differences about the land and the written agreement was made by Mr. Winkelmann as above stated. Hippard further testified, not a word was said about the store account and coal bill, that it was not mentioned, and was not included in the settlement.

Mr. Winkelmann who drew the agreement testified that the settlement included nothing except the land differences and that the account in controversy was not mentioned at the time, and had nothing to do with their partnership affairs. This testimony is corroborated by Mr. Ogle who was present in the office.

Upon a consideration of all this evidence including the written agreement of settlement it is manifest the verdict was against the decided weight of the evidence, and that plaintiff in error should have recovered the amount of his store account and coal bill. The evidence showed it was justly due him and had not been paid or discharged.

The court erred in not setting aside the verdict and granting a new trial and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*